SALTER, J.
Cesar and Ana Maria Fabregas appeal a final summary judgment in their action against North Miami Bakeries, Inc. Our review of the record demonstrates that genuine issues of material fact remain precluding summary judgment; therefore, we reverse.
Cesar Fabregas went with Armando Garcia Sr. and Jr., the owners of Armando Filter Cleaning Services, to clean Sunset Bakery’s exhaust vents over the cooking stove. To do the work, the men placed boards over a deep fat fryer vat to access the hood and vents. They testified that the area could not be accessed with a ladder. During the cleaning, the board broke or shifted. Fabregas, who was working on the vent, fell into the fryer vat and was severely burned.
*2 Garcia Sr. testified that the restaurant owner is responsible for turning off the equipment under the hood in sufficient time for it to cool down. He testified that the stove was not hot as the work began. Garcia Jr. testified that there was no smoke, heat, or smell emanating from the fryer indicating that the oil in the fryer was hot. The bakery owner testified that she had turned off the fryer about an hour before Fabregas and the Garcias arrived to perform the work, because she knew they would be working on the vents.
The testimony diverged, however, regarding any warning by the bakery owner. She testified that she did in fact warn the cleaners to be careful because the oil was still hot. Fabregas and the Garcias denied that any such warning was given.
Fabregas sued the bakery as a business invitee. As an invitee, Fabregas argued that the bakery owed him a duty to maintain the premises in a reasonably safe condition and to warn of dangerous conditions that are known or should be known to the bakery.
The bakery moved for summary judgment, asserting that it owed no duty to Fabregas, the employee of an independent contractor. Fabregas argued that by not turning the oil off earlier, the bakery created a hidden danger. After a hearing, the trial court granted the bakery’s motion. The court found that there were no genuine issues regarding any material fact. Thereafter, the court denied Fabregas’s motion for rehearing, and this appeal followed.

Analysis

When a record reveals the existence of disputed, material issues of fact, summary judgment is error. Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126 (Fla.2000); Real Estate Inv. Group LLC v. Attorneys’ Title Ins. Fund, Inc., 47 So.3d 868 (Fla. 3d DCA 2010). In this case, the facts surrounding the accident were disputed. There was sufficient evidence to allow a jury to resolve the issue of whether the placement of boards to perform the cleaning operation was reasonable under the circumstances; whether the failure to turn the fryer off earlier was reasonable under the circumstances; and whether the owner did adequately alert the men to the existence of a dangerous condition, a fryer vat with dangerously hot oil (despite the absence of perceptible indications to the contrary). The issue in this case is not a question of law that can be determined by entry of summary judgment. Volusia County, 760 So.2d at 131.
The bakery argues that the trial court was correct because of two lines of cases regarding the parties’ respective duties. The first of these is the “general rule” that “one who hires an independent contractor is not liable for injuries sustained by that contractor’s employees in their work.” Armenteros v. Baptist Hosp. of Miami, 714 So.2d 518, 520-21 (Fla. 3d DCA 1998) (citations omitted). Exceptions to that general rule exist, however, including an exception when an owner “who has actual or constructive knowledge of latent or potential dangers on the premises, has breached a duty to warn employees [of the independent contractor] of such danger.” Johnson v. Boca Raton Cmty. Hosp., Inc., 985 So.2d 593, 596 (Fla. 4th DCA 2008) (citations omitted). In this case, the bakery owner’s action in turning off the fryer, but doing so with an inadequate lead time to permit the oil within the vat to cool to a safe temperature, created a latent, non-obvious danger. The testimony concerning a warning was material and conflicting.
The second line of cases relied upon by the bakery owner relates to an injury sustained by an independent contractor’s employee which occurs in performing the in *3 dependent contractor’s specialized work. In Morales v. Weil, 44 So.3d 173 (Fla. 4th DCA 2010), the contractor was hired to demolish a barn with a roof damaged by-two hurricanes. The damage was obvious and included a hole through the roof that was visible to the employees. However, in the course of the work one of the employees fell through a weakened roof panel and was injured. The Fourth District reviewed the applicable law and affirmed a summary judgment for the barn owners. The Court concluded that “the [owners] were in no better position than the [injured contractor employee] to assess the level of danger that the job posed. Consequently, the [owners] owed him no duty to maintain the roof in a reasonably safe condition.” Id. at 179.
In this case, however, the bakery owner arguably was in a better position than Fabregas to appreciate the special hazard in the work area. The focus of the independent contractor’s work was the hood, vents, and filters — not the stove, fryer vat, and other equipment in the bakery. We conclude, therefore, that neither of the legal principles relied upon by the bakery warrants summary judgment.
The summary judgment is therefore reversed and the cause remanded for further proceedings.
SHEPHERD, J., concurs.